UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOGDAN OBNISKI AND KRYSTYNA OBNISKI, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF NEW YORK MELLON TRUST COMPANY, N.A.; ROUNDPOINT MORTGAGE SERVICING CORPORATION; AND GREAT AMERICAN E&S INSURANCE COMPANY, <br><br> Defendants. | Case No. 1:16-cv-08966 <br><br> ON REMOVAL FROM THE CIRCUIT COURT OF COOK COUNTY <br><br> Cook County Case No. _____ |

## NOTICE OF REMOVAL

Defendants Bank of New York Mellon Trust Company, N.A., as Grantor Trustee of the Protium Master Grantor Trust (the "Trust) (incorrectly named as Bank of New York Mellon Trust Company, N.A.), RoundPoint Mortgage Servicing Corporation and Great American E&S Insurance Company (collectively, "Defendants") hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois – Eastern Division.  Removal is based on 28 U.S.C. § 1331 as the Plaintiffs assert claims that arise under a federal statute known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*.  Further, removal is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the state law claims have a common nucleus of operative facts with the federal question.  Removal is authorized by 28 U.S.C. §§ 1441 and 1446.  The procedural requirements for removal have been satisfied.

2225839V.1

131477225V1 0984582

## THE STATE COURT ACTION

Plaintiffs filed counterclaims and a third-party complaint ("Counterclaims and Third-Party Complaint") in response to a state-court foreclosure. (Ex. A, Counterclaims and Third-Party Complaint.) Plaintiffs assert claims under RICO as well as multiple state law claims against all Defendants, including breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, tortious interference with a business relationship, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and seek an award of actual damages, compensatory damages, treble damages, punitive damages and attorneys' fees. (Ex. A, pp. 14-29.)

Defendant Great American E&S Insurance Company brought a motion to sever the Counterclaims and Third-Party Complaint from the foreclosure action. The state court granted that motion on August 18, 2016. (Ex. B, August 18, 2016.) According to the August 18, 2016 Order severing the claims, the state court clerk "shall create a new 2016 Chancery Division file with the heading *Bogdan Obniski and Krystyna Obniski v. Bank of New York Mellon Trust Company, N.A., RoundPoint Mortgage Servicing Corporation, and Great American E&S Insurance Company*, and shall assign the case a new case number" ("State Court Action"). (Ex. B, ¶ 1.)

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over Plaintiffs' RICO claims under 28 U.S.C. § 1331 because those claims are based on the alleged violations of a federal statute, and therefore "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) ("Because federal law creates the right of action and provides the rules of decision . . . there is no serious debate that a federally created

2225839V.1

131477225V1 0984582

claim for relief is generally a sufficient condition for federal question jurisdiction.") (citations omitted).

Plaintiffs' state law claims arise from the same alleged activity and conduct that give rise to the RICO claims. Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because those claims are "so related to" the federal claims that "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Northern District of Illinois – Eastern Division embraces the Circuit Court of Cook County, Illinois where the State Court Action was originally commenced.

## REMOVAL REQUIREMENTS

This notice of removal has been filed within thirty (30) days of the state court issuing the August 18, 2016 Order severing the Counterclaims and Third-Party Complaint, which created a new state court case that became removable at that time, and is therefore timely in accordance with 28 U.S.C. § 1446(b).

Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d). A copy of this notice will be filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d) and served on Plaintiffs' counsel.

Under 28 U.S.C. § 1446(a), the Counterclaims and Third-Party Complaint and the August 18, 2016 Order attached as Exhibit A and Exhibit B, respectively, constitute copies of all process, pleadings, and orders received by Defendants in the State Court Action.

If any questions arise as to the adequacy or propriety of the removal of this action, Defendants request the opportunity to supplement this notice with evidence and/or to brief any disputed issues and present oral argument in support of this removal.

Defendants reserve all objections they may have as to service, personal jurisdiction, or any other defenses or objections they may have to the Counterclaims and Third-Party Complaint or State Court Action.

Defendants intend no admission of fact, law or liability by this notice.

WHEREFORE, Bank of New York Mellon Trust Company, N.A., as Grantor Trustee of the Protium Master Grantor Trust, RoundPoint Mortgage Servicing Corporation and Great American E&S Insurance Company hereby remove this cause from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois – Eastern Division.

Dated: September 15, 2016

| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, AS GRANTOR TRUSTEE OF THE PROTIUM MASTER GRANTOR TRUST; and ROUNDPOINT MORTGAGE SERVICING CORPORATION | GREAT AMERICAN E&S INSURANCE COMPANY |
|---|---|
| By: /s/Simon M. Feng<br>    One of Their Attorneys | By: /s/James H. Kallianis, Jr.<br>    One of Its Attorneys |
| Simon Fleischmann<br>*sfleischmann@lockelord.com*<br>David Standa<br>*dstanda@lockelord.com*<br>Simon M. Feng<br>*simon.feng@lockelord.com*<br>**LOCKE LORD LLP**<br>111 South Wacker Drive<br>Chicago, IL 60606<br>Phone: 312-443-0700 | James H. Kallianis, Jr.<br>*jkallianis@exch.hinshawlaw.com*<br>**HINSHAW & CULBERTSON LLP**<br>222 North LaSalle Street, Suite 300<br>Chicago, Illinois 60601 |

## **CERTIFICATE OF SERVICE**

    I, Simon M. Feng, an attorney, certify that a copy of the foregoing Notice of Removal was filed and served via the Court's ECF System and also served upon the following via U.S. Mail on September 15, 2016:

Arthur C. Czaja
Czaja Law Offices
7521 North Milwaukee Avenue
Niles, Illinois 60714


                          /s/Simon M. Feng

2225839v.1

131477225V1 0984582